UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

VICKI A. JANACK,

                                                    Plaintiff,

            vs.                                                          7:06-CV-624
                                                                              (LEK/GJD)

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant.
_____

LAWRENCE D. HASSELER, ESQ. for Plaintiff
KIMBERLY L. SCHIRO, Asst. U.S. Attorney for Defendant

GUSTAVE J. DI BIANCO, United States Magistrate Judge

### REPORT-RECOMMENDATION

        This matter was referred to me for report and recommendation by the Honorable

Lawrence E. Kahn, United States District Judge,  pursuant to 28 U.S.C. § 636(b) and

Local Rule 72.3(d).  This case has proceeded in accordance with General Order 18.

The Administrative Transcript (T) was filed on August 22, 2006, and plaintiff filed her

brief on September 7, 2006. (Dkt. Nos. 4, 5).

        On January 16, 2007, defendant filed a motion to dismiss this action for lack of

subject matter jurisdiction. (Dkt. No. 11).  Within the motion to dismiss, defendant

also included a response to plaintiff's previously filed brief. (Dkt. No. 11).  Presently

before the court, however, is defendant's motion to dismiss this action for lack of

subject matter jurisdiction. (Dkt. No. 11).  Plaintiff has responded in opposition to the

motion, and defendant has filed a reply. (Dkt. Nos. 13, 15).  For the following reasons,

this court agrees with defendant and will recommend dismissal of the complaint.

## PROCEDURAL HISTORY

Plaintiff filed her first application for disability insurance benefits on March 29, 1995, alleging that she became disabled on July 15, 1992. (T. 50-52).  Plaintiff's application was denied initially and on reconsideration. (T. 53-56, 59).  Plaintiff requested a hearing, and on July 2, 1996, a hearing was held before Administrative Law Judge (ALJ) Carl Stephan.  Plaintiff's insured status expired on September 30, 1996.  On December 20, 1996, ALJ Stephan issued an unfavorable decision. (T. 475-82).  Plaintiff requested review of the ALJ's decision and submitted additional evidence. (T. 483 (request for review) 339-469 (additional medical evidence)).

On October 29, 1998, ALJ Stephan's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. (T. 485-87).  In the Appeal's Council decision, plaintiff was informed of her right to challenge the Commissioner's final decision by bringing an action in Federal Court. (T. 485-86).  Plaintiff did not file a federal action in the required time, nor did she request an extension of time to do so.

Instead, on October 1, *2002*, plaintiff filed a new application for disability insurance benefits. (T. 22).[1]  The claim was denied initially on January 22, 2003. *Id.* Plaintiff requested a hearing, and on January 18, 2005, she appeared before ALJ Jon K. Johnson. *Id.*  However, before any testimony was taken at the hearing, plaintiff requested an adjournment to obtain counsel.  ALJ Johnson granted the adjournment,

---

[1] The court is citing to the second ALJ's decision for this information because the specific documents do not appear to be in the record, and there is no dispute regarding this procedural history.

and plaintiff appeared on July 19, 2005 before ALJ Michael K. De Bord. *Id.*

On January 27, 2006, ALJ De Bord issued a fully favorable decision, reopening the prior application, and finding that ALJ Stephan's decision contained errors. (T. 22-39). ALJ De Bord found that plaintiff had been continuously disabled since July 15, 1992. (T. 38). In ALJ De Bord's notice of "FULLY FAVORABLE DECISION," it was specifically stated that the Appeals Council could review the case on its own motion even if plaintiff did not appeal the ALJ's decision. (T. 19).

On February 13, 2006, a memorandum was sent to the Appeals Council from the Northeastern Program Service Center, recommending that the Appeals Council review ALJ De Bord's decision on its "own motion."[2] (T. 958-59). The memorandum stated that ALJ De Bord had improperly reopened the prior determination and "invaded the period adjudicated by the prior decision." (T. 959).

On May 27, 2006, the Appeals Council sent plaintiff a notice pursuant to 20 C.F.R. § 404.973, stating that the Appeals Council was going to review ALJ De Bord's favorable decision on its own motion. (T. 960-66). This notice gave specific information about the perceived errors in ALJ De Bord's decision and explained the Appeals Council's reasons for its proposed action. *Id.* The Appeals Council notice gave plaintiff thirty days to respond with further evidence or argument in support of her claim. (T. 963-64). The notice gave plaintiff three options. *Id.* Plaintiff could submit further evidence, ask for an appearance, or request a hearing within the thirty day time limit. *Id.*

---

[2] The regulations provide for "own motion" review in 20 C.F.R. § 404.969.

Plaintiff's counsel submitted a memorandum in support of ALJ De Bord's decision and argued that ALJ De Bord properly reopened the prior decision in light of "clear error" in ALJ Stephan's decision. (T. 967-72).  The Appeals Council considered plaintiff's arguments, but did not agree.  On May 9, 2006, the Appeals Council issued its decision, finding that ALJ De Bord had no basis upon which to reopen ALJ Stephan's decision and also found that plaintiff was not entitled to benefits based on her October, 2002 application because she engaged in substantial gainful activity after her insured status expired. (T. 17).  The decision of the Appeals Council became the final decision of the Commissioner.  Plaintiff filed this action on May 22, 2006. (Dkt. No. 1).

## PLAINTIFF'S CONTENTIONS

Plaintiff in this case has filed a brief on the merits as well as a response to defendant's motion to dismiss. (Dkt. Nos. 5, 13).  In opposition to the motion to dismiss, plaintiff argues that the Commissioner's decision to reopen plaintiff's prior application and the Appeals Council's decision to reverse the ALJ "created a fresh issue for judicial review that is within this Court's subject matter jurisdiction." (Dkt. No. 13 at 4-7).

Plaintiff's brief in support of the "merits" of her claims[3] argues that

1.    The Appeals Council erroneously reversed the ALJ's decision to reopen plaintiff's prior application. (Plaintiff's Brief at 11-14).

2.    The Appeals Council erroneously concluded that plaintiff is not entitled

_____

[3] (Dkt. No. 5).

to benefits based on her current application. (Plaintiff's Brief at 15-18).

## DISCUSSION

1.     **Subject Matter Jurisdiction**

**A.  Reopening**

It is undisputed that the only basis for federal court jurisdiction in a Social

Security Disability appeal is 42 U.S.C. § 405(g) which provides for jurisdiction to

review "any final decision of the Commissioner of Social Security made after a

hearing to which [the plaintiff] was a party."  There is no definition of a "final

decision" in the Social Security Act, and it has been left to the Commissioner to define

that term in the regulations. *See Sims v. Apfel*, 530 U.S. 103, 106 (2000).  The

regulations set forth the detailed administrative process for presentation of claims. *See*

*Iwanchiw v. Massanari*, 125 Fed. Appx. 330, 331-32 (2d Cir. 2005)(citing *Weinberger*

*v. Salfi*, 422 U.S. 749, 766 (1975)).

The doctrine of administrative *res judicata* applies when the agency has made a

previous determination on the same facts and on the same issue or issues, and the

previous determination has become final either by administrative or by judicial action.

*Orozco v. Barnhart*, 2006 U.S. Dist. LEXIS 27880, *5-6 (S.D.N.Y. May 10,

2006)(citing 20 C.F.R. § 404.957(c)(1)).  Notwithstanding the application of *res*

*judicata*, the regulations provide that the agency may reopen an "otherwise final and

binding" decision. 20 C.F.R. § 404.987.  The conditions upon which the

Commissioner will reopen a case are also specified in the regulations. *Id.* § 404.988.

The Supreme Court has held that the agency's denial of a motion to reopen a

prior benefits application is not the type of "final decision" that confers federal court jurisdiction in a Social Security action. *Califano v. Sanders*, 430 U.S. 99, 107-109 (1977).  An exception to this rule exists if the Commissioner's decision not to reopen is challenged on constitutional grounds. *Id.*

The Second Circuit has held that if the Commissioner reviews the entire record and renders a decision on the merits, the earlier decision will be deemed to have been reopened. *Byam v. Barnhart*, 336 F.3d 172, 180 (2d Cir. 2003).  This is generally referred to as a "constructive" reopening. *Id.* at 180-81.  If the case has been "constructively" reopened in this manner, the Commissioner will have waived any claim of administrative *res judicata*, and the decision will be subject to judicial review on the merits. *Id.* at 180.

In this case, on October 29, 1998, the first Appeals Council affirmed ALJ Stephan's decision denying plaintiff benefits on the merits.  At that time, ALJ Stephan's decision denying benefits became the "final decision" of the Commissioner. *See* 20 C.F.R. § 404.981. When plaintiff failed to challenge the Appeals Council's October 29, 1998 decision in federal court, that decision became *res judicata* for plaintiff's disability claim during "the relevant" time period.  Since plaintiff's insured status expired on September 30, 1996, the October 29, 1998 decision would be determinative of any future claims by plaintiff covering the period between the alleged onset date of July 15, 1992 until plaintiff's insured status expired on September 30, 1996.  The only way that plaintiff could have this prior period reviewed by the Commissioner would be if the Commissioner reopened the prior decision.

Plaintiff filed her current application on *October 1, 2002.*  She continued to claim disability beginning July 15, 1992.  ALJ De Bord *clearly* reviewed the merits of the entire case, and issued a favorable decision. (T. 22-39).  In considering the merits of plaintiff's case and reviewing the entire record, ALJ De Bord's decision reopened the prior decision of the Commissioner.  However, the Appeals Council reviewed plaintiff's case on its own motion and found that ALJ De Bord had *no basis upon which to reopen the Commissioner's prior decision*. (T. 17).  The Appeals Council also found that plaintiff could not succeed on her 2002 application because she had engaged in substantial gainful activity after the expiration of her insured status in 1996. (T. 17).

Although ALJ De Bord clearly reopened the Commissioner's prior decision, it has been held that where the Appeals Council vacates the ALJ's consideration of the merits and holds that the plaintiff's claim is barred by administrative *res judicata*, the *district court has no jurisdiction* to review the Commissioner's denial of reopening. *Vaswani v. Barnhart*, 05 Civ. 8539, 2007 U.S. Dist. LEXIS 62493, *5-6 (S.D.N.Y. Aug. 27, 2007)(citing *inter alia Tobak v. Apfel*, 195 F.3d 183, 187 (3d Cir. 1999); *Cash v. Barnhart*, 327 F.3d 1252, 1257 n.9 (11th Cir. 2003); *Hall v. Chater*, 52 F.3d 518, 520-21 (4th Cir. 1995)).

It is the Appeals Council decision that governs the determination of whether a case has been reopened, regardless of the extent to which the ALJ considered the merits. *Id.* at *6.  Plaintiff in this case argues that ALJ De Bord's reopening of the plaintiff's case prior to the Appeals Council reversal of that reopening "freshened the

issue of reopening for judicial review." Plaintiff's Brief at 5.  Plaintiff's argument is simply *not* supported by the law.

Plaintiff cites *Slone v. Secretary of Health and Human Services*, 825 F.2d 1081 (6th Cir. 1987) for the proposition that the Appeals Council decision reversing a favorable ALJ decision confers jurisdiction on the federal court. Plaintiff's Brief (Dkt. No. 13) at 6-7.  The ultimate issue in *Slone* was whether mandamus was appropriate in Slone's case. *Id.* at 1083.  The court found that mandamus was not appropriate because *Slone* could have, but did not, appeal the agency's ***decision to reopen*** under Section 405(g).  Plaintiff's counsel in this case argues that by stating that the court would have had jurisdiction under section 405(g), the Sixth Circuit was holding that *any* Appeals Council decision on reopening was appealable as a final decision.

Plaintiff has misread *Slone*.  In *Slone*, the Appeals Council did ***reopen*** an ALJ's favorable decision under 20 C.F.R. § 404.988(b) which specifically allows the Appeals Council to ***reopen*** a decision within four years of the initial decision if the Appeals Council finds good cause to ***reopen*** the case. 825 F.2d at 1082 (citing 20 C.F.R. § 404.988(b).  After reopening the favorable decision, the Appeals Council in *Slone* reversed the favorable decision. *Id.* at 1082-83.  The court in *Slone* distinguished *Califano v. Sanders* by stating that *Califano* applied to cases in which the agency ***refused to reopen*** a prior determination where benefits were denied. *Id.* at 1083-84.

In this case, the Appeals Council assumed jurisdiction under 20 C.F.R. § 404.969.  This section refers only to Appeals Council "review," not "reopening."

The Appeals Council *did not* "*reopen*" plaintiff's case.  In fact, the Appeals Council

reversed the ALJ's decision reopening plaintiff's case and *denied reopening*.  Unlike

*Slone*, the Appeals Council in this case did not reopen to deny the claim on the merits.

Rather, the Appeals Council here found that ALJ De Bord's decision to reopen the

case was incorrect, whether that reopening resulted in granting benefits or not.

Because the Appeals Council in *Slone* did reopen the case, the Sixth Circuit found that

the court would have had jurisdiction under section 405(g) to review that decision.[4]

Thus, *Slone* does not support plaintiff's argument.

The fact that the Appeals Council in this case considered the issue of plaintiff's

substantial gainful activity in *1999* does not change this court's findings. The issue of

whether plaintiff performed substantial gainful activity in 1999 (approximately three

years after the expiration of her insured status) was considered by ALJ De Bord and by

the Appeals Council.  The reason for this analysis was because having reopened the

prior decision, and having found that plaintiff was disabled beginning on July 15,

1992, ALJ De Bord *also had to find* that plaintiff had *not* engaged in substantial

gainful activity at any time through the date of his decision.  Since plaintiff apparently

worked in 1999, ALJ De Bord was required to consider whether that work amounted

to substantial gainful activity. *See* 20 C.F.R. § 404.1520 (b) and (T. 25).

Because the Appeals Council found that ALJ De Bord's decision to reopen was

---

[4] Slone had argued that mandamus was appropriate in his case because his was essentially a "reopening" case, and under *Califano v. Sanders*, it would have been futile for him to attempt to appeal under section 405(g).  The Sixth Circuit ultimately dismissed Slone's federal case based on the fact that Slone *could have appealed* the Appeals Council decision under section 405(g) but did not do so. 825 F.2d at 1084.

incorrect, the Appeals Council did not have to reach the decision regarding substantial gainful activity in 1999.  In any event, any determination of what activity plaintiff performed in 1999 had ***no bearing on the merits of the prior application***, and thus, a consideration of whether plaintiff worked in 1999 would not have contributed to any "constructive reopening" by the Appeals Council.

### B.  Constitutional Claims

The only exception to the above rule is if the Commissioner's refusal to reopen the prior claim violated due process. *See Stieberger v. Apfel*, 134 F.3d 37, 39-40 (2d Cir. 1997)(citing *Califano*, 430 U.S. at 109).  The Supreme Court in *Califano* stated that these instances would be "rare." *Califano*, 430 U.S. at 109.  The court in *Stieberger* citied cases in which plaintiff claims that the notice itself was insufficient or there is a constitutional deficit in the procedure that resulted in the denial. 134 F.3d at 39-40.  Another circumstance that may constitute a due process violation is when the plaintiff is too mentally ill to understand the notice[5]. *Id.*

As defendant points out, plaintiff in this case does not make ***any*** constitutional claims regarding the denial of reopening.  However, the court must comment upon some statements implying that plaintiff may have had some mental disability that might have supported a due process claim. *See Byam v. Barnhart*, 336 F.3d at 181-83 (discussing plaintiff's mental impairment in conjunction with her due process claim).  The court would first point out that plaintiff was represented by counsel during the

---

[5] The notice to which these cases are referring is the notice explains the plaintiff's appeal rights and time limits. *Stieberger*, 134 F.3d at 39-40.  This would be the notice that resulted in the prior decision becoming *res judicata* when plaintiff failed to appeal within the required time.

hearing before ALJ Stephan. (T. 475)(ALJ Stephan's decision stating that plaintiff was represented by Attorney John Lischak).  Plaintiff requested review by the Appeals Council, and Christine Schofield, Esq. represented plaintiff in her appeal. (T. 414, 486).  Plaintiff's failure to appeal the first Appeals Council decision can not be attributed to any mental impairment on her part.[6]  There is no indication that plaintiff did not ***understand*** the notice she received.

Because the Appeals Council denied plaintiff's request for reopening, and there is no constitutional claim in this case, this court has no jurisdiction over plaintiff's case, and defendant's motion to dismiss should be granted.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 11) be **GRANTED**, and plaintiff's complaint be

---

[6] In a footnote, plaintiff's current counsel makes much of the fact that plaintiff's IQ was of listing severity when tested six years after her insured status expired and states that "there is no evidence that plaintiff's intellectual deficiency worsened over time." Plaintiff's Brief (Dkt. No. 13) at 2 n.1.  Counsel then concludes that "the court can safely assume that plaintiff was just as mentally retarded in 1996 as she was when finally tested in 2002." *Id.*

The evidence of record does not support counsel's claim.  In fact, the evidence is to the contrary.  There was no evidence that plaintiff's IQ was anything but normal in the evidence before ALJ Stephan, and the evidence does show that plaintiff had a craniotomy in November of 1997 to clip an aneurism, potentially associated with plaintiff's migraine headaches. (T. 428-30). ***After the surgery***, in April of 1998, plaintiff began to complain that she was getting forgetful and had difficulty concentrating. (T. 415).  In a diagnostic assessment dated September 30, 2002, Dr. Stephen Fitzgerald, Ph.D. states that plaintiff reported that after her surgery in 1997, she loses her balance and "gets things mixed up when she tries to communicate verbally." (T. 890).  Thus, there is evidence that plaintiff's mental condition worsened after ALJ Stephan's decision, but not to the point that would contribute to a failure to comprehend the notices she received.  In fact, she was late in submitting her ***2003*** request for a hearing, citing memory loss. (T. 495).  The agency allowed the late filing, and there is no indication that plaintiff did not comprehend the notice.

11

**DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: November 27, 2007

_____

Hon. Gustave J. DiBianco
U.S. Magistrate Judge